UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMERON MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>CANYON COUNTY PUBLIC DEFENDER'S OFFICE and CANYON COUNTY,<br><br>    Defendants.[1] | Case No. 1:20-cv-00062-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Cameron Morris's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.    **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is

---

[1] Though the body of the Complaint tends to suggest that Plaintiff intended also to include Scott Rowley as a Defendant, that individual is not listed in the caption of the Complaint.

appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

## 3. Factual Allegations

Plaintiff is an in the custody of Canyon County, currently incarcerated at the Canyon County Jail. Plaintiff claims that, in a preliminary hearing in his state court criminal case, he asked his attorney, a public defender, to call a witness to testify on

Plaintiff's behalf. *Compl*., Dkt. 3, at 2. Plaintiff's attorney did not do so. Plaintiff also asked his attorney "to do a few other things" but the attorney "did not comply or represent [Plaintiff] to the best of his ability." *Id*.

Plaintiff claims that the conduct of his criminal defense attorney violated the Fifth, Sixth, and Fourteenth Amendments, as well as Idaho state law. *Id*.

**4.      Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.      Section 1983 Claims

Plaintiff brings his constitutional claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person *acting under color of state law*. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). This requirement of state action means that § 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances. In the case of a private party, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)

(internal quotation marks omitted).

The Supreme Court has identified several contexts in which a private party can be considered a state actor for purposes of a civil rights action. *Id.* at 296. These include the following situations: (1) the private party's action results from the state's "exercise of coercive power" or "significant encouragement"; (2) the private party participates in "joint activity" with the state; (3) the private party is "controlled by an agency of the State"; (4) the private party "has been delegated a public function by the State"; and (5) the private party is "entwined with governmental policies," or "the government is entwined in [the private party's] management or control." *Id.* (internal quotation marks omitted). A private party "may be designated a state actor for some purposes but still function as a private actor in other respects." *Caviness v. Horizon Community Learning Ctr.*, 590 F.3d 806, 814 (9th Cir. 2010).

To be liable under § 1983, the state actor "must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

To bring a § 1983 claim a local governmental entity—such as Canyon County or the Canyon County Public Defender's Office—a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff

complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a local governmental entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the governmental entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff's § 1983 claims are barred for at least two reasons. First, Plaintiff's claims are based entirely on the conduct of his criminal defense attorney. But "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). This is because "it is the constitutional obligation of the State to respect the professional independence of the public defenders whom it engages," and because a public defender "best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing the undivided interests of his client." *Id.* at 318–19, 321–22 (internal quotation marks omitted). Indeed, "a public defender is not acting on behalf of the State; he is the State's *adversary*." *Id.* at 322 n.13 (emphasis added).[2] Thus, Plaintiff's claims fail for lack of state action.

Second, Plaintiff sues Canyon County and the Canyon County Public Defender's Office, but the Complaint does not give rise to a reasonable inference that the actions of Plaintiff's criminal defense attorney were undertaken pursuant to a policy, practice, or custom of Canyon County. *See Monell*, 436 U.S. at 694. This is fatal to Plaintiff's § 1983 claims.

---

[2] However, a public defender *is* a state actor when making policy judgments or administrative decisions such as how to allocate funding. *See Miranda v. Clark County*, 319 F.3d 465, 469 (9th Cir. 2003) (en banc) ("We thus conclude that [the chief public defender] was acting on behalf of Clark County in determining how the overall resources of the office were to be spent, and he qualifies as a state actor for purposes of § 1983.") Defense attorneys may also be liable under § 1983 if they conspire with state officials in order to obtain a conviction. *See Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) ("Although the Attorney Defendants are themselves private actors, private parties who corruptly conspire with a judge in conjunction with the judge's performance of an official judicial act are acting under color of state law for the purpose of § 1983…."). The Complaint does not plausibly suggest that either exception applies to Plaintiff's claims.

### B.    State Law Claims

In addition to § 1983 claims, Plaintiff asserts state law claims under Idaho Code §§ 19-809 and 3-201. Dkt. 3 at 2. Section 19-809, part of Idaho's code of criminal procedure, states that a defendant "may produce any material witnesses" in a criminal proceeding. Section 3-201 sets forth the duties of attorneys licensed to practice in Idaho.

Plaintiff's state law claims are implausible because these statutes do not create a private right of action. In *Yoakum v. Hartford Fire Ins. Co.*, the Idaho Supreme Court explained the analysis a court must undertake to determine whether a private cause of action exists:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

923 P.2d 416, 421 (Idaho 1996) (emphasis omitted) (relying on Restatement (Second) of Torts § 874A).

The Idaho Supreme Court held in *Yoakum* that there was no private right of action under certain Idaho criminal statutes. The court relied on the following factors: the statutes were intended to protect the general public, the statutes provided for a criminal punishment, and there was no indication (1) that the legislature intended to create a private cause of action, or (2) that providing an additional civil remedy was necessary to assure the effectiveness of the statutes. *Id.*

Similar reasons exist here with respect to §§ 19-809 and 3-201. Malpractice actions are available, as are state bar sanctions, to remedy the problem of inadequate attorney representation. There is simply no indication that the Idaho legislature intended to create a private right of action either (1) for an attorney's disagreement with a defendant's choice of witnesses during a criminal proceeding, or (2) for an attorney's failure to adequately perform their duties.

Because there is no private right of action under the state statutes cited in the Complaint, Plaintiff's state law claims are not plausible.

## 5.    Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that Plaintiff can meet the *Monell* requirements.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court

erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.      Plaintiff's requests that the Court amend his complaint by "edit[ing]" it (Dkt. 6 and 8) are DENIED.

2.      Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 28 days, this case may be dismissed

without further notice.

3.    Plaintiff's request for appointment of counsel (Dkt. 7) is DENIED without

prejudice. Plaintiff may renew the request for counsel in an amended

complaint.

DATED: April 2, 2020

_____
B. Lynn Winmill
U.S. District Court Judge